IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| STRIPLING'S GENERAL STORE, INC., a Georgia corporation,<br>　　　　Plaintiff,<br><br>v.<br><br>CARROLL'S SAUSAGE AND MEATS, INC., a Georgia corporation,<br><br>　　　　Defendant. | Civil Action No.: _____ |

## COMPLAINT

COMES NOW, Plaintiff Stripling's General Store, Inc. ("Striplings"), and hereby states its Complaint against Carroll's Sausage and Meats, Inc. ("Carrolls"), as follows:

INTRODUCTION

1. This is an action for federal trademark infringement, false designation of origin, unfair competition, and false advertising arising under Section 43 of the Lanham Act of 1946, 15 U.S.C. § 1125; common law trademark infringement; common law unfair competition; and deceptive trade practice under O.C.G.A. § 10-1-372.  In this action, preliminary and permanent equitable injunctive relief is sought by Striplings, as well as compensatory or general damages, treble damages, attorneys' fees, and costs.

JURISDICTION AND VENUE

2. This Court has jurisdiction over all causes of action set forth herein based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337, 1338(a) and 1338(b).

3. This Court has supplemental jurisdiction over Striplings' state law and common law claims pursuant to 28 U.S.C. § 1367, because they are substantially related to Striplings'

1

federal claims and arise out of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) in that Carrolls is a resident of this District, has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling Striplings to relief.

## THE PARTIES

5. Plaintiff Striplings is a Georgia corporation having a principal place of business at 2289 Highway 300 South, Cordele, Georgia 31015.  Striplings is in the business of providing retail and on-line grocery store services featuring a butcher shop, as well as gourmet and specialty items, such as sausage and beef jerky.

6. Upon information and belief, Defendant Carrolls is a Georgia corporation with its principal place of business located at 101 W Franklin Street, Sylvester, Georgia, 31791.  Upon information and belief, Carrolls can be served at its registered agent at 3946 Ga. Highway 12S, Bridgeboro, Georgia 31705 and/or at its other business locations.

7. The Court has personal jurisdiction over Carrolls because Carrolls is a resident of this judicial district, has continuous and systematic contacts within this judicial district, and/or has established sufficient minimum contacts with or within this district sufficient for this Court to exercise personal jurisdiction over Carrolls.

## FACTS

### Stripling's General Store

8. Striplings, through its founders and/or predecessors, and at least as early as 1964, began as a "general store" in Cordele, Georgia, where it provided, and continues to provide, grocery store goods and services.  For instance, Striplings' locations feature a butcher shop as well

as gourmet and specialty items, such as sausage and beef jerky.

9. Striplings' first location, still open to this day, is located along Highway GA-300 in Cordele, Georgia. Striplings has expanded to open an additional location in Cordele, as well as locations in Perry and Bogart, Georgia.

10. Striplings adopted and has used a distinctive trademark depicted in Ex. A ("Striplings' logo mark") in connection with retail and on-line grocery store services featuring a butcher shop, as well as gourmet and specialty items, namely, beef jerky, ham, sausage, seasonings, rubs, and other items, since at least June 2009. Striplings' logo mark includes two concentric circular rims with the name "STRIPLING'S" extending across the center of the circle. Notably, the trademark also includes a side profile of a pig above the name "STRIPLING'S," and includes an "established" date. The color version of Striplings' logo mark features a predominantly black background and the term "STRIPLING'S" in white all-cap block letters. Examples of the Striplings' logo mark shown in color and grayscale are reproduced below:

  

**Striplings' Logo Mark (Grayscale)**     **Striplings' Logo Mark (Color)**
**Excerpt of Exhibit A**                  **Excerpt of Exhibit A**

11. Striplings' logo mark has become a well-known image displayed to customers of

3

the store. Striplings' logo mark is featured prominently on signs displayed along Highway GA-300 and Interstate 75, where it has been viewed by millions of passengers. As such, its Striplings' logo mark is very valuable.

12. Striplings is the owner of United States Patent and Trademark Office Registration No. 5,457,291 for the Striplings' logo mark for "[r]etail store and on-line retail store services featuring a butcher shop and gourmet and specialty items, namely, beef jerky, ham, sausage, seasonings, rubs, drinkware, water bottles, insulating sleeve holders for beverage cans, and shirts," Registered on May 1, 2018. A true and correct copy of Striplings' service mark registration is attached hereto as Exhibit B, an image of which is also reproduced below.



Excerpt of Exhibit B

13. Striplings' logo mark is used to market and advertise Striplings' products and services, including retail and on-line grocery store services and food products, and is used on at

4

least its storefronts, outdoor signs, and on its website, a copy of which is attached hereto as Exhibit C.

14. Striplings' customers from all over the Southeastern United States and other parts of the country visit its store for its grocery store services and food products, including, but not limited to, customers from Tennessee, Florida, and all over Georgia, as is evident from its reviews on Yelp® accessible from https://www.yelp.com/biz/striplings-general-store-watkinsville, https://www.yelp.com/biz/striplings-general-store-cordele, and https://www.yelp.com/biz/striplings-general-store-moultrie, copies of which are attached hereto as Exhibit D and included herein by reference in its entirety.

15. As a result of Striplings' long, continuous, and widespread use, advertising, and sale of its goods and services to the public using the Striplings' logo mark, its trademark has become associated with Striplings, has acquired a secondary meaning, and has become an asset of substantial value as a symbol of Striplings, its quality grocery store services, food products, customer service, and goodwill.

16. Also as a result of Striplings' continuous and widespread use, advertising, and sales of its goods and services, grocery store customers, food vendors, and other members of the purchasing public associate Striplings as the source of grocery store goods and services offered in conjunction with Striplings' logo mark.

<u>Carroll's Sausage & Country Store</u>

17. Striplings is informed and believes that after Striplings first began using, advertising, and selling services under the distinctive Striplings logo mark, Carrolls began using a confusingly similar mark in association with Carrolls advertising, offering for sale, and sale of grocery store services, depicted in Exhibit E ("Carrolls' logo mark"), less than 25 miles away in

5

Ashburn, GA.

18. Like Striplings' logo mark, Carrolls' logo mark includes two concentric circular rims, an "established" date, the name "Carroll's" in place of the name "Stripling's," both in white block letters against a dark background, and a profile of a pig positioned above the name of the store. *See* Exhibit E. Carrolls merely replaces the use of the term "General Store" with the synonymous term "Sausage & Country Store." Color versions of the logos show even more similarity showing a black background in the circle, with large white block letters in a similar font in the center of the respective circles. A side-by-side comparison of the two marks is provided below:



**Excerpt of Exhibit A**                    **Excerpt of Exhibit E**

19. Carrolls' customers travel to its locations from the Southeastern United States and other parts of the country for its grocery store services, and other food products including, but not limited to, Tennessee, Florida, and various parts of Georgia, as is evident from its reviews on Yelp® accessible at https://www.yelp.com/biz/carrolls-sausage-and-meats-ashburn-3, a copy of which is attached hereto as Exhibit F, and included herein by reference in its entirety.

20. Grocery store services, sausage, and beef products bearing the confusingly similar

6

Carrolls' logo mark have been and are presently being sold or offered for sale by Carrolls' locations and advertised at least through its company website at https://www.carrollssausage.com/.  A true and correct copy of a screen shot of https://www.carrollssausage.com/ web page is attached hereto as Exhibit G, incorporated herein by reference in its entirety, an excerpt of which is shown below.



**Excerpt of Exhibit G**

21.  Carrolls offers substantially similar grocery store services and sells various food items, including at least sausage and jerky, to its customers under its infringing mark, as shown above and in Exhibit G.

22.  Striplings is informed and believes that its actual and prospective customers of its services are substantially the same and/or of the same type as Carrolls' actual and prospective customers.

23. Striplings is informed and believes that the goods and services it offers and sells in conjunction with the Striplings' logo mark travel in the same channels or trade as the goods and services offered and sold by Carrolls in conjunction with Carrolls' infringing logo mark.

24. Striplings is informed and believes that the Carrolls' junior use of its logo mark is likely to cause confusion in the marketplace as to the source and origin of its grocery store services and food products.

25. Carrolls' use of its confusingly similar mark for retail and on-line grocery store services, sausage, and beef jerky is without the consent, sponsorship, authorization of, or authorized affiliation with Striplings.

26. On February 27, 2017, George Thomas, acting as counsel for Striplings, sent a letter to Carrolls informing Carrolls of Striplings' logo mark, and demanding that Carrolls cease and desist its infringing and unfair use of its confusingly similar mark. A true and correct copy of the correspondence to Carrolls is attached hereto as Exhibit H and incorporated herein by reference in its entirety ("the First Letter").

27. On July 19, 2017, counsel for Striplings *again* sent a letter to Carrolls reiterating its demand that Carrolls change its logo before Striplings is forced to take legal action. A true and correct copy of the correspondence to Carrolls is attached hereto as Exhibit I and incorporated herein by reference in its entirety ("the Second Letter").

28. Despite receipt of the First Letter and the Second Letter, Carrolls continues to use its confusingly similar mark for retail and on-line grocery store services and food products without the consent, sponsorship, authorization of, or authorized affiliation with Striplings.

29. Upon information and belief, Carrolls adopted and began using its infringing logo mark with full knowledge of Striplings' prior-used logo mark, and therefore Carrolls' infringement

is knowing and willful.

COUNT ONE:

FEDERAL TRADEMARK INFRINGEMENT –
STRIPLINGS' LOGO MARK

30. Each paragraph above is specifically re-alleged and incorporated herein by reference.

31. Striplings has a valid trademark in its logo mark as shown in at least in Exhibit B and has used its trademark for "Retail and on-line grocery store services featuring butcher shop, gourmet and specialty items, namely, beef jerky, ham, sausage, seasonings, rubs" and other goods and services since at least June 2009.

32. Striplings is the owner of a federal trademark registration, Registration No. 5,457,291 for STRIPLING'S GENERAL STORE and design, which covers the following goods and services: "Retail store and on-line retail store services featuring a butcher shop and gourmet and specialty items, namely, beef jerky, ham, sausage, seasonings, rubs, drinkware, water bottles, insulating sleeve holders for beverage cans, and shirts" in International Class 035 ("the '291 Registration"). The '291 Registration registered on May 1, 2018. A copy of the registration is attached hereto as Exhibit B. Striplings' federal registration is *prima facie* evidence of the validity of Striplings' mark, Striplings' ownership of the mark, and of Striplings' exclusive right to use the marks in commerce in connection with the goods specified in the certificate. 15 U.S.C. § 1057(b).

33. Striplings first used its Striplings' logo mark in interstate commerce no later than 2009, which is well before Carrolls began using its confusingly similar mark in conjunction with its goods and services. Striplings is the original and current owner of its mark.

34. Striplings has developed a high degree of goodwill associated with its use of its trademark. Striplings is substantially recognized by, and identified with, its logo mark.

35. Carrolls has and continues to use its confusingly similar Carrolls' logo mark in connection with its sale, offer for sale, and advertising of retail and on-line grocery store services, particularly its sausages, jerky, and other food products sold at its Georgia locations. Carrolls' goods and services are in the same market as Striplings' goods and services.

36. Carrolls' use of its confusingly similar mark describes and represents Carrolls as being sponsored by, approved by, or affiliated with Striplings. Carrolls has caused, with knowledge of such false designation of origin or description or representation, such designations to be used in interstate commerce.

37. Upon information and belief, Carrolls has willfully promoted in interstate commerce its business using a confusing simulation of its logo mark in such a manner so as to falsely designate an origin or an association with Striplings, with Striplings' logo mark, and with Striplings' reputation and goodwill, so as to cause confusion, mistake, or deception among purchasers as to the true origin, source, sponsorship, or affiliation of Carrolls' goods and services, all to Carrolls' profit and to Striplings' monetary damage. Striplings has been irreparably damaged by Carrolls' use of such false designation.

38. Upon information and belief, Carrolls has intentionally traded upon Striplings' reputation and goodwill by using a designation that is confusingly similar to Striplings' logo mark.

39. Carrolls' acts, as set forth above, violate Striplings' right in its marks pursuant to 15 U.S.C. §§ 1114(1) and 1125(a).

40. Carrolls will, if not enjoined by this Court, continue its acts of unfair competition, as set forth above, which have caused, and will continue to cause Striplings immediate and irreparable harm. Pursuant to 15 U.S.C. §§ 1117 and 1125, and Fed. R. Civ. P. 65(a), Striplings is entitled to an Order of this Court enjoining Carrolls' unlawful activities. Striplings has no

adequate remedy at law.

41. As a result of Carrolls' conduct set forth above, Striplings has been and continues to be irreparably damaged. Pursuant to 15 U.S.C. § 1117, Striplings is entitled to a judgment for: (1) an injunction prohibiting Carrolls from using its confusingly similar logo mark in conjunction with retail and on-line grocery store services; (2) Carrolls' profits; (3) damages sustained by Striplings; (4) treble damages; (5) such sum as the Court deems just; (6) Striplings' attorneys' fees; (7) Striplings' costs of this action; or (8) interest.

## COUNT TWO:

### FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE ADVERTISING

42. Each paragraph above is specifically re-alleged and incorporated herein by reference.

43. Upon information and belief, Striplings first used its logo mark in connection with its retail store and on-line retail store services before Defendant Carrolls first used its confusingly similar logo mark.

44. Defendant Carrolls has used, in connection with its goods and retail store and on-line retail store services, a false designation of origin, a false representation, or a false description, including using a confusingly similar variation of Striplings' logo mark, tending falsely to describe or represent the same as made by, sponsored by, approved by, or affiliated with Striplings. Carrolls has caused, with knowledge of such false designation of origin, representation, or description, such goods to be offered for sale or used in interstate commerce.

45. Carrolls has willfully promoted in interstate commerce the sale of its goods as well as its retail store and on-line retail store services using reproductions of, and confusing simulations

of, Striplings' aforementioned logo mark in such a manner so as to falsely designate an origin or an association with Striplings, with Striplings' trademarks, and with Striplings' goods and services. Defendant has committed these acts so as to cause confusion or mistake among purchasers as to the true origin, source, sponsorship or affiliation of Defendant's services, all to Defendant's profit and to Striplings' monetary damage. Striplings has been irreparably damaged by the use of such false designation and misrepresentation.

46. Defendant intentionally traded and continues to trade upon Striplings' goodwill, established through Striplings' long and continuous advertising and sales of retail and on-line retail store services under its logo mark, by Defendant's copying of Striplings' logo mark.

47. Defendant's acts, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

48. Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designations and false representations set forth above, which acts have caused, and will continue to cause, Striplings immediate and irreparable harm. Pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65(a), Striplings is entitled to an Order of this Court enjoining Defendant's unlawful activities. Striplings has no adequate remedy at law.

49. As a result of Defendant's conduct set forth above, Striplings has been, and continues to be, irreparably damaged. Pursuant to 15 U.S.C. §1117, Striplings is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by Striplings; (3) such sum as the Court deems just; (4) Striplings' attorney's fees; (5) Striplings' costs of this action; and (6) interest.

COUNT THREE:

COMMON LAW TRADEMARK INFRINGEMENT –
STRIPLINGS' LOGO MARK

50. Each paragraph above is specifically re-alleged and incorporated herein by reference.

51. The aforementioned unauthorized use by Carrolls confusingly similar Carrolls' logo mark, in conjunction with retail and on-line grocery store services, is to the same class of customers as the class of customers to which Striplings provides retail and on-line grocery store services bearing its logo mark, and:

    a) is likely to cause confusion, or to cause mistake or to deceive;

    b) will lead others to believe that Carrolls' retail and on-line grocery store services, and other food products have a sponsorship, approval, status, affiliation, or connection with Striplings that they do not have; and

    c) is a reproduction, counterfeit, copy, or colorable imitation of Striplings' logo mark used in connection with the sale, offering for sale, or advertising of retail and on-line grocery store services, as well as food products of Striplings in connection therewith, and such use is likely to cause confusion or to cause mistake or to deceive.

52. Striplings is informed and believes that the aforementioned acts of Carrolls are being committed with the knowledge that such imitations are causing confusion, or are likely to cause confusion, or to cause mistake, or to deceive. Carrolls' aforementioned acts are intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive.

53. Carrolls will, if not preliminarily and permanently enjoined by this Court, continue its acts of trademark infringement set forth above, thereby deceiving the public, trading on Striplings' goodwill and causing Striplings immediate and irreparable harm, damage, and injury. Striplings is entitled to an Order of this Court enjoining Carrolls' unlawful activities. Striplings has no adequate remedy at law.

54. As a result of Carrolls' conduct set forth above, Striplings has been and continues to be irreparably damaged. Striplings is entitled to a judgment for: (1) an injunction prohibiting Carrolls from using its confusingly similar mark in conjunction with retail and on-line grocery store services and its food products; (2) Carrolls' profits; (3) damages sustained by Striplings; (4) Striplings' attorney fees; (5) Striplings' costs of this action; and (6) interest.

COUNT FOUR:

COMMON LAW UNFAIR COMPETITION –
STRIPLINGS' LOGO MARK

55. Each paragraph above is specifically re-alleged and incorporated herein by reference.

56. As a result of Striplings' use, advertising, and sale of services under its logo mark, and the public's association of that mark with Striplings, Carrolls' use of a deceptively similar mark in connection with goods and services which are the same as, or substantially similar to, the goods of services of Striplings are likely to cause confusion, mistake, or deception with respect to Striplings' logo mark.

57. On information and belief, Carrolls has offered for sale and has sold its food products and provided grocery store services using its confusingly similar mark with full prior knowledge of Striplings' logo mark. Carrolls' sales of such services were and are for the willful and calculated purpose of trading on Striplings' goodwill and business reputation.

58. On information and belief, Carrolls has willfully developed, promoted, and sold its products and services in such a manner so as to inevitably suggest an association, affiliation, or sponsorship with, or approval by Striplings and so as to cause or likely to cause, confusion or mistake among purchasers as to the origin of Carrolls' services, all to Carrolls' profit and to Striplings' damage.

59. The aforesaid conduct of Carrolls constitutes infringement of Striplings' common law trademark rights in Striplings' logo mark and further constitutes improper and unfair competition with Striplings, all of which has irreparably damaged and will continue to irreparably damage Striplings' goodwill and reputation.

60. Unless enjoined and restrained by this Court, Carrolls will continue its acts of unfair competition and trademark infringement, thereby deceiving and confusing the public and causing Striplings immediate and irreparable harm, damage and injury. Striplings is entitled to an Order of this Court enjoining Carrolls' unlawful activities. Striplings has no adequate remedy at law.

61. As a result of Carrolls' conduct as set forth above, Striplings has suffered damages. Striplings is entitled to a judgment for: (1) an injunction prohibiting Carrolls from using its confusingly similar mark in conjunction with retail and on-line grocery store services and its food products; (2) Carrolls' profits; (3) damages sustained by Striplings; (4) Striplings' attorney fees; (5) Striplings' costs of this action; and (6) interest.

## COUNT FIVE:
## STATE DECEPTIVE TRADE PRACTICE

62. Each paragraph above is specifically re-alleged and incorporated herein by reference.

63. Carrolls has used its confusingly similar mark without authorization in commerce in connection with the sale, offering for sale, distribution, or advertising of identical goods and services.

64. In doing so, Carrolls has passed off their goods and services as those of Striplings.

65. Carrolls' unauthorized use of its confusingly similar mark is likely to cause confusion and misunderstanding as to the source, sponsorship, approval, or certification of

Striplings' goods and services, or to cause confusion and misunderstanding as to the affiliation, connection, or association between Carrolls and their goods and services, on the one hand, and Striplings and its goods and services, on the other.

66. Carrolls' conduct constitutes an unfair method of competition as well as deceptive trade practice in violation of O.C.G.A. § 10-1-372 which bars deceptive business practices in the conduct of any business, trade, or commerce and bars passing off goods or services as those of another.

67. As a direct and proximate result of Carrolls' deceptive trade practices and unfair competition, Striplings has suffered actual and irreparable injury for which no adequate remedy exists at law.

68. As a result of Carrolls' conduct as set forth above, Striplings has suffered damages. Striplings is entitled to a judgment for: (1) an injunction prohibiting Carrolls from using its confusingly similar mark in conjunction with retail and on-line grocery store services and its food products; (2) Carrolls' profits; (3) damages sustained by Striplings; (4) Striplings' attorney fees; (5) Striplings' costs of this action; and (6) interest.

PRAYER FOR RELIEF

WHEREFORE, Striplings prays that the Court grant each of the following non-exclusive list of remedies:

(1) Carrolls, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Carrolls be preliminarily and permanently enjoined and restrained from:

(a) using its confusingly similar mark or any other designation, or trademark confusingly similar to Striplings' logo mark for retail and on-line grocery store services and food

products, including sausage and jerky;

(b) otherwise infringing upon Striplings' rights in and to its logo mark and from otherwise unfairly competing with Striplings in any manner whatsoever; and

(c) offering grocery store services or offering for sale and selling sausage, jerky, or other food products bearing its confusingly similar mark or any other designation or trademark confusingly similar to Striplings' logo mark;

(2) Carrolls be ordered to deliver up for destruction their menus, employee uniforms, documents, signs, packages, forms, advertisements, business cards, letterheads, website, and other representations, and means for reproducing the same, or any printed material bearing its confusingly similar mark or any designation, or mark similar to Striplings' logo mark and to obliterate, destroy, or remove all other uses or marks similar to Striplings' logo mark;

(3) Carrolls be directed to file with the Court and serve on Striplings, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Carrolls has complied with the injunction;

(4) An accounting be conducted and judgment be rendered against Carrolls for:

(a) all profits received by Carrolls from its sale of restaurant services and food products in commerce in conjunction with a trademark similar to Striplings' logo mark directly or indirectly;

(b) all damages sustained by Striplings on account of, *inter alia*, Carrolls' trademark infringement, unfair competition, false designation of origin, false description of representation, and injury to Striplings' business reputation pursuant to 15 U.S.C. §1051 *et. seq.*; and

(c) actual and compensatory damages in an amount not presently known, but

to be computed during the pendency of this action;

(5) Carrolls be required to pay to Striplings monetary damages to be used for corrective advertising to be conducted by Striplings;

(6) Carrolls be required to pay to Striplings its costs in this suit, including attorney fees and all expenses;

(7) Carrolls be required to provide to Striplings other and further relief as the Court may deem just and proper; and/or

(8) Interest be assessed against Carrolls for all monies awarded to Striplings.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Striplings demands a trial by jury of all issues triable of right by a jury.

This 11th day of June, 2018.

Respectfully submitted by:


/s/ *Cynthia J. Lee*

Cynthia J. Lee
Georgia Bar No. 442999
Wesley A. Roberts
Georgia Bar No. 867277
Kenneth A. Knox
Georgia Bar No. 453571
**THOMAS | HORSTEMEYER, LLP**
3200 Windy Hill Road SE
Suite 1600E
Atlanta, Georgia  30339
Telephone:  (770) 933-9500
Facsimile:  (770) 951-0933
cynthia.lee@thomashorstemeyer.com
kenny.knox@thomashorstemeyer.com

*Attorneys for Plaintiff Stripling's General Store, Inc.*

4828-0235-6328, v. 1